# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES B. SUMPTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-00347-TWP-DKL |
| | ) |
| DELPHI AUTOMOTIVE SYSTEMS (HOLDING), INC., formerly known as DELPHI AUTOMOTIVE SYSTEMS, DELPHI AUTOMOTIVE SYSTEMS LIFE & DISABILITY BENEFITS PROGRAM, METLIFE GROUP, INC., METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiff James Sumpter's ("Mr. Sumpter") Motion for Clerk's Entry of Default and Motion for Default Judgment (Dkts. 44 45). Mr. Sumpter filed these motions one day prior to Defendant Metropolitan Life Insurance Company ("MetLife") filing its Answer (Dkt. 48) to Mr. Sumpter's Second Amended Complaint (Dkt. 41). For the reasons set forth below, Mr. Sumpter's Motion for Clerk's Entry of Default and for Motion for Default Judgment are **DENIED**.

## I. BACKGROUND

The dispute in this matter surrounds Mr. Sumpter's claim that MetLife and several other defendants, including Delphi Automotive Systems (Holding) and Delphi Automotive Systems Life & Disability Benefits Program (collectively "Delphi"), failed to comply with the Employee Retirement Income Security Act of 1974 ("ERISA"). Mr. Sumpter, *pro se*, filed a complaint and issued summons to the Defendants on March 5, 2013, and MetLife requested and received a

thirty-day extension of time to April 24, 2013 to file its Answer. On April 18, 2013, Defendants filed a joint motion for extension of time until two weeks until after the entry of an Order in a bankruptcy proceeding involving Delphi, pending in the Bankruptcy Court for the United States District Court, Southern District of New York. ("Bankruptcy Court"). The joint motion was granted by the Court that same day. (Dkt. 29). In its order, the Court instructed Delphi to inform the Court immediately upon learning of the anticipated Bankruptcy Court ruling. Although MetLife was not a party to the bankruptcy proceedings involving Delphi, the Court set the Answer deadline for all Defendants for two weeks after entry of the Bankruptcy Court's order on the pending motion. (Dkt. 29).

The Bankruptcy Court issued a partial ruling on April 25, 2013, and Delphi filed a Notice of Bankruptcy Court Partial Ruling with this Court on June 5, 2013 (Dkt. 34). The Bankruptcy Court order enjoined Mr. Sumpter's actions against Delphi except in two areas, and reserved ruling on those two causes pending additional briefing. On June 7, 2013, MetLife filed a Motion to Confirm Initial Responsive Pleading Deadline (Dkt. 35), given that the Bankruptcy Court order filed by Delphi was noted to be a partial ruling, not a final ruling. This Court issued an order confirming that the initial responsive pleading deadline would be two weeks after the entry of the *final* ruling (Dkt. 36).

On June 11, 2013, Mr. Sumpter moved to file his Amended Complaint based upon the Bankruptcy Court's partial ruling enjoining action against Delphi (Dkt. 37). The Court ordered Mr. Sumpter to re-file a Second Amended Complaint within fourteen days, finding that the proposed Amended Complaint was "inadequate and misleading" because it still contained references to Delphi. Dkt. 39 at 2. Delphi was dismissed from the case on July 15, 2013, and the Bankruptcy Court issued its final ruling on July 19, 2013. Mr. Sumpter filed a Second

Amended Complaint naming MetLife as the only remaining defendant on July 23, 2013 (Dkt. 41). Mr. Sumpter then filed the instant motions, as well as notice of the Bankruptcy Court's final order that had not previously been filed by Delphi,[1] on August 12, 2013. MetLife filed its Answer on August 13, 2013.

## II.  LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. *See* Fed. R. Civ. P. 55; *Lowe v. McGraw–Hill Cos., Inc.*, 361 F.3d 335, 339-40 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See C & S Mgmt., LLC v. Superior Canopy Corp.*, No. 1:08-CV-0029, 2013 WL 5291961, at *1 (N.D. Ind. Sept. 18, 2013). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). Once a party obtains an entry of default by the clerk, he may then file a motion with the clerk or the court for the entry of default judgment. *See* Fed. R. Civ. P. 55(b).

## III.  ANALYSIS

First, it must be noted that there is not yet an entry of default on the record. "When deciding a motion for entry of default judgment, if there is no entry of default by the clerk, the court can treat such motions as requests for both: (1) an order to the clerk to enter the default; and (2) entry of default judgment." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Therefore, the Court will consider both of Mr. Sumpter's motions for entry of default and default judgment.

---

[1] Delphi had already been dismissed from the case as of the date of the Bankruptcy Court's final ruling on the pending motion and therefore no longer had an obligation to file notice of the final order with the Court.

When a party applies for default judgment under Federal Rule of Civil Procedure 55(b)(2), the district court is required to exercise sound judicial discretion in determining whether the judgment should be entered. *Id.* The factors the Court must consider include 1) whether there is a material issue of fact; 2) whether the default is largely technical; 3) whether the plaintiff was substantially prejudiced; and 3) how harsh an effect a default judgment might have. *Id.* (citing 10A Wright & Miller, *10A Federal Practice and Procedure 3 ed.* β2685 (1998)).

In light of the above factors, the Court finds that entry of default and default judgment are not warranted under the circumstances of this case. Mr. Sumpter argues that he is entitled to an entry of default and default judgment because MetLife is "complicit in the total unjustified delay of 109 days" in filing its responsive pleading. Dkt. 45 at 5. However, this does not take into account that MetLife timely sought and was granted extension of time to file its responsive pleading. In the meantime, the district court was awaiting the outcome of pending motions in the New York Bankruptcy Court that would potentially have been determinate of whether Mr. Sumpter's claims would be allowed to go forward in this Court. The Court ordered MetLife to file its responsive pleading within two weeks after the final order of the Bankruptcy Court; however, because Delphi was no longer part of the case, none of the remaining parties had an obligation to inform the Court of the Bankruptcy Court's final order. Mr. Sumpter argues that the trigger date should have been the date the Bankruptcy Court entered its preliminary order; however, the Court made it clear in its order confirming the responsive pleading deadline that the responsive pleading was to be "two weeks after entry of the Bankruptcy Court's *final* Order on the Bankruptcy Motion." Dkt. 36 at 1 (emphasis in original).

In addition, Mr. Sumpter filed his Second Amended Complaint and a copy of the Bankruptcy Court's final order on July 23, 2013, four days after the Bankruptcy Court order was issued. While MetLife is correct that the Second Amended Complaint superseded Mr. Sumpter's original Complaint and likely triggered a new responsive pleading deadline, Mr. Sumpter is correct that MetLife applied the incorrect time period from Rule 12(a), instead of Rule 15(a)(3). Federal Rule of Civil Procedure 15(a)(3) provides "any required response to an *amended pleading* must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." (Emphasis added.) Thus, MetLife should have filed its Answer to Mr. Sumpter's Second Amended Complaint within fourteen days, not twenty-one days as set forth in Rule 12(a). Based upon the filing of Mr. Sumpter's Second Amended Complaint, MetLife's Answer would have been due on August 6, 2013 under Rule 15(a)(3). MetLife filed its Answer within twenty-one days of Mr. Sumpter's Second Amended Complaint.

However, even Mr. Sumpter questions whether Rule 15 applies in this situation due to the existence of the Court's prior order establishing a responsive pleading deadline (Dkts. 29 and 36). Based upon the Court's order, MetLife's Answer would have been due, at the earliest, on August 2, 2013. Mr. Sumpter's brief highlights the understandable uncertainty as to the deadlines applicable in this case. Even taking into account MetLife's error as to whether the 21-day or 14-day time period applied, its Answer was still filed, at most, ten days late, and was the result of technical error and not neglect or bad faith. Additionally, Mr. Sumpter has not alleged or shown that he was substantially prejudiced, nor has he shown that there are no questions of material fact. The Court concludes that a ten-day delay in filing an answer is not conduct that warrants the sanction of default. *See Wolf Lake Terminals, Inc.*, 433 F. Supp. 2d at 942 (ten

5

week delay in filing answer did not warrant sanction of default due to technical failure where defendant otherwise vigorously defended its case).

### III. CONCLUSION

For the reasons set forth above, Mr. Sumpter's Motion for Entry of Default (Dkt. 44) and Motion for Default Judgment (Dkt. 45) are **DENIED**.

**SO ORDERED.**

Date: 03/18/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James B. Sumpter
21169 Westbay Circle
Noblesville, Indiana 46062

Douglas Dormire Powers
BECKMAN LAWSON LLP
dpowers@beckmanlawson.com

Angela Emmerling Boufford
BUTZEL LONG, P.C.
boufford@butzel.com

Cynthia J. Haffey
BUTZEL LONG, P.C.
haffey@butzel.com

Tina M. Bengs
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. - Valparaiso
tina.bengs@ogletreedeakins.com